UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NAVNEET SINGH DHILLON,

Petitioner,

v.

MARKWAYNE MULLIN, ET ALL,

Respondent.

Case No. 2:26-cv-03530-TLF

ORDER OF TRANSFER

This matter comes before the Court on the respondents' notification that petitioner had been transferred out of the Northwest ICE Processing Center in Tacoma, Washington on September 19, 2026, prior to the habeas petition's filing on September 21, 2026. Dkt. 4; Dkt. 5, Declaration of Vincent Cvitanovic (Cvitanovic Decl.) ¶ 4; *see also* Dkt. 1, Habeas Petition. Petitioner is currently detained at the Winn Correctional Facility in Winnfield, Louisiana. Dkt. 5, Cvitanovic Decl. ¶ 7. All parties have consented to the jurisdiction of a Magistrate Judge. Dkt. 6.

The habeas statute permits the Court to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241. The Supreme Court has held that this language requires that, as a general rule, habeas "jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *see also Ex parte Endo*, 323 U.S. 283, 304 (1944). Because petitioner was not confined in the

Western District of Washington at the time he filed his petition, the Court lacks jurisdiction.

However, the Court finds that transfer, rather than dismissal without prejudice, is appropriate in this matter. Under 28 U.S.C. § 1631, for a court lacking jurisdiction, transfer is appropriate when “(1) a court exists in which the case could have been brought originally, and (2) the interests of justice would be served by the transfer.” *Clark v. Busey*, 959 F.2d 808, 812 (9th Cir. 1992) (citing *Kolek v. Engen*, 869 F.2d 1281, 1284 (9th Cir. 1989)). “Section 1631 does not itself establish jurisdiction, but rather corrects lack of jurisdiction only in cases that are actually transferred or are at least transferable.” *Id.* (citing *Howitt v. United States Dep't of Com.,* 897 F.2d 583, 584 (1st Cir.) (declining to treat case as transferred when Federal Circuit found transfer not in interests of justice), *cert. denied,* 498 U.S. 895 (1990); *Air Line Pilots Ass'n, Int'l v. C.A.B.*, 750 F.2d 81, 84-85 (D.C. Cir. 1984) (considering case on merits as if transferred after dismissal without prejudice by district court)).

Transfer is improper where the transferee court lacks jurisdiction. *Gioda v. Saipan Stevedoring Co., Inc.*, 855 F.2d 625, 629 (9th Cir. 1988).

Here, petitioner is currently detained in Winn Parish, Louisiana, which is within the Western District of Louisiana. WINN CORRECTIONAL CENTER | ICE, https://www.ice.gov/detain/detention-facilities/winn-correctional-center (last visited September 23, 2026). The petition therefore could have been brought there.

Petitioner has made a prima facie showing of a right to relief, and there is no indication of bad faith; petitioner alleges that he was released after being inspected and admitted to the United States on or about May 1, 2024 and was granted an F-1

nonimmigrant student status. Dkt. 1 at 1. He asserts that when he was arrested and detained in Auburn, Washington and Tacoma, Washington on September 13, 2026, the respondents violated his Fifth Amendment due process rights by not conducting a pre-deprivation hearing that provides procedural due process before determining whether he should be released or detained. *Id*. at 2-16.

Transfer “will generally be in the interest of justice, unless it is apparent that the matter to be transferred is frivolous or was filed in bad faith.” *Amity Rubberized Pen Co. v. Market Quest Group, Inc.*, 793 F.3d 991, 996 (9th Cir. 2015). This Court is required to avoid unnecessary “time-consuming and justice-defeating” procedures and delay, because “[t]he sooner a case is transferred, the sooner it can be resolved by the court . . . designated to hear it.” *Id.* at 997.

The Court may order transfer sua sponte without a motion or hearing because “[t]he obligation to address whether a case is transferrable lies with the court.” *Id.* at 995; *see also Zambrano Vivas v. Warden Nw. ICE Processing Ctr.*, No. CV C26-1011-KKE, 2026 WL 938242, at *1 (W.D. Wash. Apr. 7, 2026) (transferring a habeas petition after determining that the petitioner had been transferred outside the district and that transfer, rather than dismissal, was in the interests of justice “because dismissal would result in unnecessary delay while Petitioner refiles his petition.”).

Accordingly, the Clerk is DIRECTED to transfer this case to the United States District Court for the Western District of Louisiana for all further proceedings. The Clerk is further directed to close this case after transfer.

Dated this 23rd day of September, 2026.

Theresa L. Fricke
United States Magistrate Judge